FILED
KENNETH J. MURPHY
CLERK

2003 SEP -4 PM 4:11

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
WEST DIV CINCINNATI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI, OHIO

| | | |
|---|---|---|
| Shirley A. McClure | ) | Case No. C-1-01-751 |
| Plaintiff | ) | |
| vs. | ) | **RESPONSE TO** |
| Gannett Media Technologies International (GMTI), et al | ) | **JUDGE BECKWITH'S INVALID ORDER OF AUGUST 27, 2003** |
| Defendants | ) | |

---

This is to state that I the Plaintiff, Shirley McClure do have objections to Judge Hogan's Report and Recommendation of July 28, 2003 that I want on the record and have listed them in a separate document (copy attached).

I was unable to file this on a timely basis due to my moving, as noted in a Change of Address I sent to the court around the middle of July 2003 stating that I would have a new address as of August 1, 2003.

This Report and Recommendation was issued and received at the end of July 2003 at which time I was still moving out of my former home and into my new one, and at the time of the deadline response time, around the middle of August 2003, my computer equipment was still in boxes. Other pertinent information, such as copies of court documents, with file dates, etc. were not available, and as a matter of fact, I am still trying to locate the most current documents related to this case. So regrettably, this is why my filings were not timely and I ask the court's indulgence in this regard.

However, I must say that I find it to be quite a coincidence that after not hearing from the court for 4 months regarding documents I filed in March 2003, I suddenly got responses almost immediately after I notified the court that I was moving, at a time when the court would have to know that it would be very difficult to respond, especially in a timely manner.

I do want to object to a statement that Judge Beckwith made in her order of August 27, 2003, as follows.

1

## Objection

I object to Judge Beckwith's following statement in her Order of August 27, 2003 in the 3rd paragraph: *"Having reviewed this matter de novo pursuant to 28 U.S.C. § 636, we find the Magistrate Judge's Report and Recommendation correct."*

Judge Beckwith would have to be either totally unfamiliar with evidence the Plaintiff has provided or totally ignoring it to say this, and below are 3 examples in the Report and Recommendation of July 28, 2003 wherein Judge Hogan's plainly displays his undue favor toward the defendants and bias against the Plaintiff such as by making blatantly untrue statements about the Plaintiff, which, as usual, are in favor of the defendants:

*Example 1:*

From Page 3 of the Report and Recommendation of July 28, 2003 about half way down: *"Plaintiff objected to having any corporate representatives other than the deponent present."*

This is totally untrue and if the Judge read my statements or paid attention to them, he would have to know this is a lie. Please note the excerpt from page 19 of my Motion for Default filed March 20, 2003 in which the Plaintiff states the following:

*"The question arises as to why there would have to be the same three, proven to be in a conspiracy against the Plaintiff and also named in the lawsuit. There are other corporate representatives of GMTI that could be there <u>instead of Dan Zito and Natalie Dennis together, the ones who are both personally involved in harming the Plaintiff.</u> Or there could be a corporate representative from the Gannett Co. (GMTI's parent company) – which would make more sense, since they are a party to the lawsuit."*

So this clearly shows that the Plaintiff is not against having <u>any</u> corporate representatives present - an outright lie.

*Example 2:*

From Page 3 of the Report and Recommendation of July 28, 2003 about half way down: *"As for the second round of deposition dates noticed by plaintiff, defendant promptly informed plaintiff that Zito was unavailable."*

This is clearly shown to be untrue as shown in defendant Roberts' own words from the transcript of the attempted depositions as shown on Page 40 of Motion for Default filed March 20, 2003:

Continued on from 1st attempted deposition, Page 6 Lines 7-9:

**Mr. Roberts:**

"*I don't know <u>if and when</u> Mr. Zito is going to be available between now and the deadline.*"

And from Page 41 of the Motion for Default filed March 20, 2003:

From 2nd Attempted Deposition, Page 12 Line 4 – Page 13 Line 16:

**Mrs. McClure:**

"*That's another thing. **Did you know** last Friday that Mr. Zito was going to be in Germany?*"

**Mr. Roberts:**

"*Yes*".

Please note here that Mr. Roberts is caught in a bold faced lie, admitting that he did in fact know that Mr. Zito would not be available, when he said that he didn't know. Yet Judge Hogan defends Mr. Roberts, showing undue favor and bias, in stating on page 3 of his Report and Recommendation that "defendant promptly informed plaintiff that Zito was unavailable."

<u>Example 3:</u>

On page 3 of the Report and Recommendation of July 28, 2003 last two lines, Judge Hogan states concerning the plaintiff: "*...the fact that three days between the issuance of the notice and the deposition dates does not constitute "reasonable notice" as required under Fed. R. Civ. P. 30(b)(1).*"

Once again Judge Hogan shows undue favor and bias - because when plaintiff asked for sanctions against defendant Michael Roberts because of harrasment, including that he demanded that I reschedule my deposition <u>for three days later</u>, *when the deadline was 6 months away* – the judge didn't do so much as make a simple statement that Mr. Roberts was unreasonable, as he did with me – even though in my case *the deadline was only a week away* and the defendants had maliciously obstructed the depositions from taking place time and again. Again, for which to my knowledge they did not even receive a reprimand – much less sanctions! (As requested in my Motion for Sanctions filed March 19, 2002) – This and more document evidence is proving that if the defendant does something, it's perfectly okay, but if I the Plaintiff does it, it's not.

I have documented evidence and this evidence is in the court record and the judge knows this, that my default motion filed March 20, 2003 with 63 pages of documented evidence of the

3

unethical and illegal actions of not only the Judge but the defendants as well was ignored along with my request for a hearing on page 4 of my Affidavit of Prejudice filed March 21, 2003 being ignored, showing undue favor to the defendant and again violating my civil right to have a fair and impartial hearing with a visiting judge monitored by an outside party.

### Conclusion

*Records Tampered With*

Once again, I am hereby demanding that the "Affidavit of Prejudice" filed March 21, 2003 be dealt with as it should have been the first time when it was filed on March 21, 2003, before the records were tampered with. (Since the Affadavit of Prejudice should have been given to someone other than Hogan, it is invalid, and therefore Judge Beckwith's response to it is invalid also.) And the "Order" filed July 27, 2003 along with the "Report And Recommendation" filed July 28, 2003 be held out of order, nullified and considered beyond Judge Hogan's discretion and his illegal and unethical actions and that of the named and unnamed defendants in this case, along with the demand for a default judgment as shown in the 63 page Motion for Default filed March 20, 2003 *(since the defendants cannot proceed legally with discovery)* be reviewed and discussed by a Hearing in front of a different judge, a fair and impartial visiting Judge, preferably a disciplinary one, monitored by an outside party.

_Shirley McClure_
Shirley McClure, Plaintiff
Attorney *Pro Se*

### CERTIFICATE OF SERVICE

I hereby certify that a copy of this document is being sent to the attorney for the Defendants.

_Shirley McClure_
Shirley McClure, Plaintiff *Pro Se*