UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI, OHIO

FILED
MAR 21 2003
KENNETH J. MURPHY, Clerk
CINCINNATI, OHIO

| | |
|---|---|
| Shirley A. McClure<br><br>Plaintiff<br><br>vs.<br><br>Gannett Media Technologies International (GMTI), et al<br><br>Defendants | Case No. C-1-01-751<br><br>AFFIDAVIT OF PREJUDICE BY JUDGE HOGAN TOWARD PLAINTIFF SHIRLEY MCCLURE<br>(28 U.S.C. § 144) |

The Affiant, Plaintiff Shirley McClure, being of sound mind, states the following, made in good faith, to be true on the basis of her own knowledge and preponderance of the evidence shown. Among these things stated include ethics, so stated in accordance with FRCP Rule 11 *"not presented for any improper purpose, such as to harass or cause unnecessary delay or needless cost in litigation."*

PLAINTIFF HEREBY MOVES THAT JUDGE HOGAN BE REMOVED FROM THIS CASE. A request has previously been made concerning Judge Hogan being removed in Plaintiff's "Notice of Appeal of Order Filed September 26, 2002" on page 7, attached. Judge Hogan has not removed himself as per Canon 3 of the Code of Judicial Conduct which requires a judge to disqualify himself if the judge (a) *"Has personal bias or prejudice concerning a party."* Federal Law in 28 U.S.C.§ 455 requires that a judge *"shall disqualify himself in any proceeding in which is impartiality might reasonably be questioned."* Judge Hogan has not removed himself, and his impartiality is greatly in question and therefore this motion is made that he be removed for reasons shown below and others shown on attached documentation.

1) The preponderance of evidence shows Judge Timothy Hogan to be prejudiced against me the Plaintiff Shirley McClure, and gives undue favor to all the defendants, this bias thereby denying me due process and the opportunity of a fair and impartial hearing of my case. Following are a few brief examples of this:

1

2) Judge Hogan completely ignored the Federal Rules (Laws) that recognize default on the part of the defendants when I gave notice to the court that over 90 days had passed without defendants' attorney Michael Roberts naming or answering for the second party to the lawsuit, the Gannett Co. Judge Hogan prejudicously claimed that defendants' attorney had included them in his response by the use of the word "defendants", with the letter "s" attached. This is not true, however, because every statement made by Mr. Roberts during that time could only apply to the first party, GMTI. And Mr. Roberts even admitted in his response to my Motion for Default that he had not mentioned Gannett. *(See Judge Hogan's Report and Recommendation of March 20, 2002 page 13 and Plaintiff's discussion in attached Motion for Default, page 32 under heading "Showing Proof Of Court's Prejudice").*

By the way, please note that in his recent order of Feb. 10, 2003 Judge Hogan stated, concerning my desire to depose Mr. Roberts, that "it is clear from the (original) complaint that Mr. Roberts has never been <u>named</u> as a defendant in this matter." This is even though at that time I had no idea who the defendants' attorney would be. This demonstrates how in my case, I am supposed to list by name, where Mr. Roberts does not have to name them, nor make a defense for them, which is contrary to the rules, or laws. *(FRCP Rule 55 Default (a) Entry: "When a party against whom a judgment for affirmative relief is sought <u>has failed to plead or otherwise defend as</u> provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.")* Again, see Plaintiff's discussion in her attached Motion for Default, page 32 as noted above.

3) In March of 2002 defendants' attorney Michael Roberts threatened on tape to talk to Judge Hogan and have him dismiss my case. *Evidence indicates that illegal "ex parte" (Violation of Law) communication did actually occur between Judge Hogan and defendants' attorney Michael Roberts,* because a few days later Judge Hogan issued his "Report and Recommendation" filed March 20, 2002, stating that my case should be dismissed.

4) In making his "Report and Recommendation", Judge Hogan *completely ignored Plaintiff's mountain of documented evidence as if it didn't exist* - such as regarding her claims concerning Promissory Estoppel and Defamation by the defendants. For example, ignoring the evidence where I was accused in writing of being insubordinate or where defendant Dan Zito admits that he made an agreement with me, yet Judge Hogan falsely claimed that "Plaintiff had only her word to rely on".

2

5) Also, Judge Hogan prejudiciously denied me an order of protection that I requested because Michael Roberts threatened to contact my current employer about this lawsuit, which I felt could have endangered my employment.

6) More recently, Judge Hogan *has totally ignored and condoned the illegal, obstructionist behavior of the defendants* Dan Zito, Natalie Dennis and their attorney Michael Roberts in refusing to allow depositions to proceed for invalid reasons, as even he has had to admit, by ignoring my motions for Contempt of Court (Violation of Law) and not ordering sanctions against them. Even more blatant, Judge Hogan has refused to order sanctions against the defendants *for their committing of obstruction* (Violation of Law), but he has threatened to issue sanctions against me the Plaintiff Shirley McClure, *for not participating in a telephone conference* to discuss the defendants' invalid excuse to obstruct discovery. Please note, *telephone conferences are not even mentioned* in the Federal Rules, but [1]*impediment of depositions are definitely cited as obstruction of justice* (Violation of Law). This shows flagrant prejudice against me the Plaintiff Shirley McClure and undue favor toward the defendants. *(See Order of Feb. 10, 2003 attached, pages 7 and 8.)*

7) In numerous instances throughout this case, Judge Hogan has shown prejudice against me the Plaintiff and undue favor to the defendants by stating that certain things are all right when the defendant does them, but not when I the Plaintiff does them. One example:

When my original deposition date in March of 2002 was postponed, the defendant Mr. Roberts *demanded* that I take my deposition two days later, without consulting me as to my availability, considering I work a full time secular job. Please note, that at this time the discovery deadline was set for 6 months away, so there was no urgency in that regard. When I noted this to the court as part of my harrasment complaint against defendants' attorney Michael Roberts, the court thought his actions were perfectly all right.

However, when I the Plaintiff had only two days to give notice to defendants to depose them because the discovery deadline was at the end of the week, of which all the defendants were very well aware (and which was made necessary because defendants' attorney had illegally obstructed the depositions the week before) – Judge Hogan

---

[1] *FRCP Rule 30(d)(3):* "If the court finds that any impediment, delay, or other conduct has frustrated the fair examination of the deponent, it may impose upon the persons responsible an appropriate sanction, including the reasonable costs and attorney's fees incurred by any parties as a result thereof."

3

admonished me the Plaintiff for this, blatantly demonstrating prejudice against me and showing undue favor to the defendants!

For all the reasons stated above and in documents attached, I THE PLAINTIFF HEREBY DEMAND THAT JUDGE HOGAN BE REMOVED FROM THIS CASE DUE TO THE PREPONDERANCE OF THE EVIDENCE OF PREJUDICE AGAINST ME, showing undue favor to and in collusion with the defendants. Judge Hogan should be removed so that I may receive the opportunity for a fair and impartial hearing, and opportunity for justice that I am rightfully entitled to by law, which I believe will all be lost in the event this motion is not granted and my case continues under Judge Hogan.

Again, I also state that the court and Judge Hogan were told of this evidence of prejudice against me previously in my "Notice of Appeal of Order Filed September 26, 2002" under the heading "Request to Have Judge Timothy Hogan Removed Due to Bias Favoring Defendants" on page 7, which to my knowledge was never addressed.

Included with this affidavit is a "Motion for Default" due to my case being prejudiced by Judge Hogan's actions. Also included are copies of my recent "Response to Defendants' Motion for Summary Judgment" filed March 14, 2003 and "Appeal of Court's Prejudicial Decision" filed March 17, 2003 since these contain detailed information about the defendants who have illegally and unethically influenced the courts from the very beginning. Finally, other papers may be attached proving the statements above.

Again, I hereby request that Judge Hogan be removed. I respectfully ask that an impartial visiting judge be allowed to hear my case.

*Shirley McClure*

Shirley McClure, Plaintiff
Attorney *Pro Se*

### NOTARY PUBLIC

Before me appeared Shirley McClure this _30th_ day of March, 2003 and who testified that the above is her signature.

_Willie M. R_____

WILLIE M. RUSSELL
Notary Public, State of Ohio
My Commission Expires December 16, 2003

4

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this motion is being sent to the attorney representing the Defendant, Gannett Media Technologies International (GMTI), namely, Michael A. Roberts of the law firm of Graydon, Head, & Ritchey in Cincinnati, Ohio by ordinary U.S. mail.

*Shirley McClure*
Shirley McClure, Plaintiff