UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI, OHIO

FILED
KENNETH J. MURPHY
CLERK
'03 SEP 23 PM 1:28
U.S. DISTRICT COURT
WEST DIV DIST OHIO
CINCINNATI

| | |
|---|---|
| Shirley A. McClure<br>6308 Corbly St. #15<br>Cincinnati OH 45230<br>Ph # (513) 232-8234<br><br>Plaintiff<br><br>vs.<br><br><br>Gannett Media Technologies<br>International (GMTI), et al<br>151 West Fourth Street – Suite 201<br>Cincinnati, Ohio 45202<br><br>Defendants | Case No. C-1-01-751<br><br><br><br><br><br><br><br>Motion To Review<br>Judge Timothy Hogan's<br>INVALID<br>Report And Recommendation<br>Filed September 7, 2003 |

I the Plaintiff, Shirley McClure, hereby respond in opposition to Judge Timothy's Report and Recommendation of September 7, 2003 where he falsely states the Defendants' "Motion for Summary Judgment" filed January 15, 2003 should be granted. But in fact, it should be denied since it is not according to Law. A Memorandum of Support is attached.

Please note: First however, it should be noted Judge Hogan's Report and Recommendation is invalid in light of the fact that I have demanded that he be removed from this case due to his proven personal bias in showing undue favor to the defendants, and abuse of his discretion, in allowing unethical, criminal, and abusive actions of the defendants against me a woman, resulting in my case being irreversibly prejudiced. Therefore, I am simply following court procedure in responding to his *invalid* Report and Recommendation for the record since this judicial system is so corrupt it would only use my lack of response against me if I didn't, and this should be duly noted.

Also please note that attached is a copy of Plaintiff's Response to Defendants' "Motion for Summary Judgment" filed January 15, 2003 which goes into more complete detail and also Plaintiff's Motion for Default filed March 20, 2003 about how Plaintiff's case has been

irreversibly prejudiced. This due to defendants' and Judge Hogan's refusal to grant Plaintiff Discovery according to Law, and other illegal and unethical actions that are being ignored by this corrupt court, denying me a fair hearing in violation of my civil rights.

                                             Respectfully Submitted,

                                             *Shirley McClure*

                                             Shirley McClure, Plaintiff
                                             1290 Villa Parke
                                             Amelia, OH 45102

# **MEMORANDUM OF SUPPORT**

**GENUINE ISSUE DOES EXIST, ACCORDING TO LAW**

Judge Hogan claims that defendants' Summary Judgment Motion should be granted because he believes there is no genuine issue as to any material fact regarding promissory estoppel or defamation, but this is false - The Plaintiff has shown a <u>mountain</u> of evidence that presents a *"sufficient disagreement to require submission to a jury"* and the *"existence of a genuine issue of material fact"*, as this and previous documents well prove by the preponderance of the evidence. This proves that it would be impossible for the Plaintiff to get a fair hearing in front of Judge Hogan.

PROMISSORY ESTOPPEL CLAIM IS VALID, ACCORDING TO LAW

*Judge Hogan claims Promissory Estoppel is Only Regarding Continued Employment,*
*Not True, according to Law:*

First of all, Promissory Estoppel is the *exception* to the "at will doctrine" according to law. Defendants and Judge Hogan allege that Promissory Estoppel must be a specific promise of continued employment or job security. However, *I have never read that it is only regarding continued employment*, but rather, <u>*ANY*</u> *promise* made by an employer. Please note the description given at the website of the law firm of Roman, Benezra, and Culver:

*"The promissory estoppel claim says that even if a contract does not exist, a court will enforce a promise made by an employer if: (1) the employer makes a promise to an employee; (2) the employer should reasonably expect the employee to consider the promise as a commitment from the employer; (3) the employee does rely on the commitment as a promise, then (4) the employee should be permitted to enforce the promise as justice requires."*

According to Law, also note what American Jurisprudence 2d, Estoppel and Waiver, Section 57 says :

*"The original point of promissory estoppel was to enable courts <u>to enforce contract-like promises made unenforceable by technical defects or defenses.</u>[1] Claims for breach of contract and promissory estoppel are alternatives for each other; the doctrine of promissory estoppel comes into play where the requisites of a contract are not met, yet the promise should be enforced to avoid injustice[2]...Promissory estoppel implies a contract in law where no contract exists in fact[3], or as stated in some jurisdictions, a promissory estoppel claim is a contract claim[4]."*

### <u>Any</u> Promise, Not Just Continued Employment - The Preponderance Of Evidence

So Promissory Estoppel applies to <u>ANY</u> *promise* made by an employer. So this does apply to my case. So the defendants' motion has no validity by the rule of evidence, and is not according to law, and therefore should be denied in the interest of Justice. And again, Promissory Estoppel is the <u>exception</u> to the "at will doctrine".

According to Law, also please note what American Jurisprudence 2d, Employment Relationship, Section 218 says:

*"An employer may establish business hours, work schedules, and other terms of employment as part of the employment contract, but the employee may place conditions on these terms. If the <u>employer accepts the employee's conditions, they become part of the employment contract.</u> Where the employer unilaterally changes the agreed-upon employment terms...the employee has no obligation to accept the change in terms[5]."*

Please Note again: "If the <u>employer accepts the employee's conditions</u> (made a *specific* agreement), <u>the employee has no obligation</u> to accept the change in terms" – again, *an exception*

---

[1] Brady v State, 965 P.2d 1 (Alaska 1998), cert. Denied, 119 S. Ct. 1268, 143 L. Ed. 2d 363 (U.S. 1999).
[2] Doe v Univision Television Group, Inc., 717 So. 2d 63 (Fla. Dist. Ct. App. 3d Dist. 1998), reh'g denied, (Oct. 1, 1998). The doctrine of promissory estoppel is typically invoked when the formal requirements of contract formation are absent, and enforcing the promise would serve the interest of justice. Premier Technical Sales, Inc. v Digital Equipment Corp., 11 F. Supp. 2d 1156 (N.D. Cal. 1998), aff'd in part, rev'd in part on other grounds, 1999 WL 1037948 (9th Cir. 1999).
[3] Deli v University of Minnesota, 578 N.W. 2d 779, 126 Ed. Law Rep. 431, 13 I.E.R. Cas (BNA) 1790 (Minn. Ct. App. 1998) review denied (July 16, 1998).
[4] Mellon v Cessna Aircraft Co., 7 F Supp. 2d 1180 (D. Kan. 1998), related reference 7 F. Supp. 2d 1183 (D. Kan. 1998), related reference, 28 F Supp. 2d 1305 (D. Kan. 1998).
[5] Quillen v Review Bd. Of Indiana Employment Sec. Div (Ind App) 468 NE2d 238.

4

*to the at will doctrine.* There is no evidence to show that the at will doctrine applies in this context. And isn't this reasonable?

## DETRIMENTAL RELIANCE DOES EXIST, ACCORDING TO LAW

On page 7 of his invalid Report and Recommendation, Judge Hogan claims that "plaintiff's reliance on GMTI's promise of altered work hours was neither reasonable nor detrimental." This is absolutely not true! And is not according to law or common sense!

Damages From False Claim Can Even Be Assumed, According To Law

Plaintiff lost her job at the hours she needed, a traumatic event because of a maliciously false claim of insubordination, along with other injuries such as *humiliation, embarrassment,* and *damage to her sense of self-worth and self-esteem* as a result of reliance on a promise, and a *loss of time and money for a law suit* and *loss of $6000 unemployment compensation!* Can anyone truthfully say there is no damage, just the same as we would have to assume there is damage to someone who is struck in the head and knocked unconscious by a brick, isn't that only reasonable? The person gets up and walks with a slight stager, can't we assume this person is hurt seriously, and so we can safely assume the Plaintiff was harmed possibly even irreversibly according to law, isn't that only reasonable? Some persons might even commit suicide because they were slandered this way, it has happened . This traumatic event is still with the plaintiff.

And for the rest of the my working life and into my private life I will always be under a "cloud" of suspicion as to whether there was any truth to these false allegations. Proof of this is the fact that no matter how much documented proof I present to the courts, they continue to put it down, having a complete disregard for my suffering even though it is right in front of their face - this is sufficient enough proof, and add to the fact I am still alive so who knows what other effects will follow, etc. - it is inestimable! (See all the previous exhibits of the Plaintiff's good work record that took all of her life to establish.)

This, again, is in addition to the *emotional effects of being traumatized* by GMTI's unthinkable actions of calling me insubordinate when they knew I had an excellent work record and references and I had a good work record there at GMTI until Natalie Dennis decided to make her power play. This being traumatized is something I should never have had to experience. While disappointed that GMTI broke their agreement without valid reason, I should have been able to leave GMTI with my reputation intact. That's why it was a very *malicious and abusive* discharge!

Abusive Discharge (According to Law)

Please note again, as shown in my complaint, what Justice Iacobucci of the Canadian Supreme Court says about bad faith, especially concerning the *manner of dismissal*, keeping in mind how I was charged with insubordination because I held to an agreement, even though I tried to help them seek a solution to fulfill their contractual obligation.

"The *law* should be mindful of the acute vulnerability of terminated employees and ensure their protection by encouraging proper conduct and preventing all injurious losses which might flow from acts of *bad faith or unfair dealing on dismissal.*"

"The loss of one's job is always a *traumatic* event. However, when termination is *accompanied by acts of bad faith in the manner of discharge*, the results can be especially *devastating*. In my opinion, to ensure that employees receive adequate protection, employers ought to be held to an obligation of good faith and fair dealing in the *manner of dismissal.*"

"Where an employee can establish that an employer engaged in bad faith, conduct or unfair dealing in the course of dismissal, *injuries such as humiliation, embarrassment and damage to one's sense of self-worth and self-esteem might all be worthy of compensation* depending upon the circumstances of the case." The Defendants' motion has no validity by the rule of evidence, and therefore should be dismissed- in the interest of Justice.

Note again:

"...when termination is *accompanied by acts of bad faith in the manner of discharge*, the results can be especially *devastating*."

and

"...*injuries* such as *humiliation*, embarrassment and damage to one's sense of self-worth and self-esteem might all be *worthy of compensation*."

I the Plaintiff have suffered all of the above damages and should be compensated - I have proven my case over and over! However because of the corruption in this judicial system I am not being given a fair hearing and that is a again, a violation of my civil rights!

<u>More Damages</u>

On page 8 of his invalid Report and Recommendation, Judge Hogan claims that I the Plaintiff did not suffer detrimental reliance because I was not actively seeking employment and did not turn down any job offers and that *"because plaintiff did not cease a job search, but rather refrained from commencing one, this evidence is legally insufficient to support plaintiff's promissory estoppel claim."*

*Did Cease a Job Search – Proves Reliance, To My Detriment (According to Law)*

Judge Hogan has this all wrong. First of all, I <u>*did cease*</u> a job search. I had told my employer, Office Team, that I was not going to continue my assignment at GMTI and that they could start seeking another assignment for me. However, Office Team required that I give GMTI a week's notice of my intention to end my assignment with them.

Then, however, when GMTI offered me the permanent position after I gave notice, Office Team was told to put the search on hold while negotiations started between myself, GMTI, and also Office Team, whom GMTI would have to pay to hire me.

*Employment Opportunities Were Never At Issue*

While I worked at GMTI as a temp, I was not seeking other employment, it was supposed to be a temp-to-hire position and I thought I was going to work for them. I had no alternative opportunities *because I was not seeking them.*

However, when several months passed and GMTI had not yet hired me and I told them I was going to work elsewhere for my agency, I lost that opportunity to do.

*I lost the opportunity to find a permanent job with the hours I needed. I lost 9 months of my life that I can't get back that I could have spent at another company that had the hours I needed.* And because of that *I lost my civil right to leave with my reputation intact*, instead of it being trashed after GMTI abusively broke their agreement they fraudulently made with me to induce me to work for them. But I lost much more than that, my self-esteem and good work record and much more, see the other losses in this document above.

So the fact that I didn't seek other work after GMTI made the permanent job offer, with the voluntary agreement to change the hours, *proves that I did rely on their promise, to my detriment. (According to Law.)*

Again, I also suffered the *loss of opportunity* to continue working for my employer, Office Team, and the opportunity to find a permanent position with the hours I needed.

There was absolutely no reason for GMTI to *deceitfully use trickery and treachery* to keep me at their company when they evidently knew they might soon decide to change the hours back to the previous time, *especially when they already had someone working the hours they wanted.*

So with all due respect, for Judge Hogan to claim that I suffered no detriment is *ridiculous* in light of all the mountain of evidence that I have submitted that he continually refuses to acknowledge, choosing instead to side with the defendants who present no proof of their defense – again, this is a violation of my civil rights!

DEFAMATION CLAIM IS VALID, ACCORDING TO LAW

On page 10 of his invalid Report and Recommendation, Judge Hogan now admits that *"the court may find that this statement (regarding insubordination) constitutes libel per se."*, but then says that I have no valid claim because it was published to a party that has privilege, the Ohio Employment Office, but this is false in this context.

This is where common law and common sense come into play. The only "privilege" the Employment office has is to hear facts, true facts, not what the defendants "claim" is a mere opinion - but really is an outright lie. Judge Hogan quotes that *"Statements made during judicial proceedings are afforded an absolute privilege when they are <u>relevant to the issues at hand.</u>"* Since it was a proven lie (insubordination), it was not relevant to the issue at hand, therefore there is no possible absolute privilege and GMTI is liable according to law. This is where the court has an obligation to accept this defamation claim as being valid, in the interest of Justice, according to Law.

Since the Employment Office was to make a *judgment* about my receiving compensation, they should have heard the truth, including the whole truth about my hiring agreement, not "claimed" opinions that amount to slander and lies.

GMTI's lies resulted in the Plaintiff losing compensation, not just hurt feelings as claimed. Therefore according to Law and in the interest of Justice, the defendants are still liable for the loss and suffering that their lies cost the Plaintiff, whether the claimed privilege exists or not.

8

All GMTI had to tell the Employment office was that they had decided to break the agreement they made concerning the hours of the position, and the plaintiff had determined she couldn't work those hours and subsequently had to leave the company.

Instead, GMTI willfully showed malice toward the Plaintiff by stating that she was fired for insubordination, thereby imputing bad motives that immediately caused the Employment office to believe that the Plaintiff deserved to be fired and denied compensation.

Not only this, but GMTI failed to state that the Plaintiff had a hiring agreement concerning her hours, which both [6]Federal Law and [7]Ohio Employment Law recognize and accept, which would have thereby allowed the Plaintiff to receive compensation, according to Law. All this shows how willful and malicious GMTI was in this abusive discharge of the Plaintiff. And again the court has an obligation to accept the preponderance the of evidence - and admit the defendants have lost this case because their defense has no merit!

### *Remarks Concerning Plaintiff's Deposition*

On page 8 of his invalid Report and Recommendation, Judge Hogan says that *"GMTI's promise of certain work hours could not reasonably lead plaintiff to believe that defendant has altered her at will status. Plaintiff admits as much in her deposition testimony."*

Rebuttal Of Last Statement

First of all, regarding his last statement that "Plaintiff admits as much in her deposition testimony." - I'm not sure what Judge Hogan is referring to here because he only cites page numbers, but I believe he may be referring to comments from my deposition that defendant Mr.

---

[6] From the FLSA Advisor, Wage and Hour Division, Employment Standards Administration, Frequently Asked Questions: "When can an employee's scheduled hours of work be changed?" Answer: "The FLSA (Fair Labor Standards Act) has no provisions regarding the scheduling of employees, with the exception of certain child labor provisions. Therefore, an employer may change an employee's work hours without giving prior notice or obtaining the employee's consent (*unless otherwise subject to a prior agreement between the employer and employee* or the employee's representative)." Dept. of Labor - www.dol.gov/elaws/faq/esa/flsa/015.htm

[7] Section 4141.29, General Assembly: 122., Bill Number: Sub. House Bill 478, Effective Date: 11/26/97: "Each eligible individual shall receive benefits as compensation for loss of remuneration due to involuntary total or partial unemployment in the amounts and subject to the conditions stipulated in this chapter. . .(D) Notwithstanding division (A) of this section, no individual may serve a waiting period or be paid benefits under the following conditions: (2) For the duration of the individual's unemployment if the administrator finds that: (a) The individual quit work without just cause or has been discharged for just cause in connection with the individual's work, provided division (D)(2) of this section does not apply to the separation of a person under any of the following circumstances: (ii) *Separation from employment pursuant to ... agreement...*"

Roberts took out of context and tried to use against me, as shown in the excerpts below from Mr. Roberts Summary Judgment Motion:

***Defendant Michael Roberts, from Plaintiff's deposition:***

Q: *Are you saying (in your complaint) that GMTI could not, in order to address it's business needs, change your hours of 8:00 a.m. 5:00 p.m. to some other set of hours?*

*Plaintiff:* A: No, I'm not saying that.

*Taken Out Of Context*

The defendant is taking this out of context by claiming that this was an "admission" that GMTI has the right to do what they did in maliciously firing me without a hearing and calling me insubordinate because I held to the agreement they voluntarily offered to make with me.

However, what I said later on in the transcript (that the defendant conveniently doesn't mention) is that I had no control over what the company does, so *there's no way I can say they could not change the hours – because the company has the power to do what it wants to do to someone else, right or wrong. But that is not in relation to me, however, because of the agreement GMTI voluntarily made with me. So Mr. Roberts is, as usual, twisting evidence by leaving out the rest of my statements in the transcript. See <u>ALL</u> of the transcript in the records.*

***Judge Hogan Prejudicially Accepts Defendants' Claims, Ignores Plaintiff's Complete Testimony***

And as usual, Judge Hogan shows undue favor toward the defendants and bias against the Plaintiff by readily accepting what Mr. Roberts says without considering my other comments. This is a further example of why I am demanding that he be removed from this case. It is impossible to get a fair hearing in front of Judge Hogan and needs to go to a jury in front of a visiting judge monitored by an outside party.

ALL THE ABOVE PROVES THAT A GENUINE ISSUE OF MATERIAL FACT AND DETRIMENTAL RELIANCE DO EXIST ACCORDING TO LAW AND THEREFORE THIS CASE MUST GO ON AND BE HEARD BEFORE A JURY AND A VISITING JUDGE!

## CONCLUSION

It should be noted the defendants and Judge Hogan rely very much on case laws, which have very limited value when they do not describe the circumstances or the alleged application and value as to how it refutes the mountain of evidence presented by the Plaintiff. Or how these case laws overcome the gross misrepresentations of the actual facts the Plaintiff repeatedly presents according to Law. He only quotes a few words to try to support the defendants' side by making false statements, but the Plaintiff quotes the entire law.

I can think of several scenarios where there may not have been case laws to refer to, such as the one where the person spilled hot coffee on themselves and won a $1 million or more lawsuit. I'd be surprised if there were any case laws about this at the time. To some degree, common law (common sense) has to come into consideration.

At the beginning of this case, I was told that I had not presented a "Federal Question". Well, here's one:

### *Federal Question – Civil Rights:*

*"Shouldn't an employee, especially a woman, have the right to expect that an agreement that her employer makes with her be honored, especially a hiring agreement – at least to the degree that if the employer wants to change the contract, that she has the right to state that she doesn't agree to the change - without being called insubordinate, thus slandering her?*

*If not, isn't this a violation of her civil rights; the right to freedom of speech, and a denial of her "pursuit of happiness" – in that being called insubordinate for merely exercising her freedom of speech would cause her to very unhappy?"*

My reputation was trashed simply because I relied on a promise GMTI voluntarily made with me, and when they chose to break their promise without valid reason, I "dared" to express that I needed to stick to the terms of the agreement (as they well knew before they hired me) or find another alternative and for this I was treated with extreme disrespect and abusively discharged.

### *Employer Abuse – A Violation of Civil Rights*

This is a case of abuse of power by an employer, which has been proved to be legally and morally wrong. For example, during the Depression of the 1930's people were being forced to

11

work very long hours at very low pay just to survive. And because they couldn't earn enough to live, they had to resort to putting their children to work, depriving them of an education. The Fair Labor Standard Act was created to put and end to this.

<u>Now please note</u>: This wasn't discrimination of sex, race, or age, it was "just" abusive – in this one particular instance shown here, which is how it is in my case as the Plaintiff, and so brings me to my next "Federal Question":

***Another Federal Question:***

*"Do support personnel have the same rights as management to express themselves, especially as in this case regarding a change in the hiring agreement the employer made with her - without being called insubordinate, thus slandering her?"*

Natalie Dennis of GMTI definitely doesn't think so, *and that's why this case is so important*. Natalie is simply a bully who abuses power. Her actions showed that she believes that support personnel have no right to express themselves or ask questions. She is a disgrace to decent women who have worked hard to climb the corporate ladder.

Please keep in mind that before I came to GMTI I had an excellent reputation with a large corporation, Cinergy, and since then I have an excellent reputation with my current employer, the Kroger Company, another large downtown company. And for 6 months at GMTI, before Natalie came to the company, I had an excellent reputation. That's what got me permanently hired, at the cost to GMTI of about $4,000. Natalie Dennis showed me gross disrespect by trashing my reputation, and this is a clear violation of common decency and my civil rights, according to Law.

***Defendant's Attorney Violates Plaintiff's Civil Rights***

And GMTI's attorney, Michael Roberts, has treated me exactly the same way, with gross disrespect as a *pro se* attorney. This isn't right and it's very [8]unprofessional on his part, *if in fact he is an attorney*. I know it doesn't have to be like that and it shouldn't be. This is a violation of my civil rights. *All of this proves that I have a serious case with definite merit that must be considered.*

---

[8] From the "Introductory Statement on Civility" in the court's local rulebook, page 1: "Lawyers engaging in such conduct, and litigants who encourage or tolerate it, undermine immeasurably their own standing with the court."

One last example is of how when women first started entering the work force. Some of them felt that they didn't get enough respect simply being housewives. Then when they went to work they were shocked to have men referring to them as "girls" or calling them "honey". This wasn't overtly sexual but it was demeaning, and it was wrong.

### *The Rule Of Evidence must Prevail, According to Law*

More disrespect has been shown to me by the "claim" that there are only two claims left: Promissory Estoppel and Defamation. With all due respect, there has been no clarification according to Law, either by the court or the defendants as to how this decision was arrived at in light of the mountain of evidence the Plaintiff has presented to the contrary, not only in this document but the whole court record.

Since that evidence has not been forthcoming from the court or defendants in spite of the Plaintiff's requests for clarification a number of times in the court record, then it is merely an assumption, not a fact and if not reversed in another decision by this court it will be unacceptable. Further litigation will expose all that's hidden and those who attempt to hide what is obviously hidden as mentioned in this document.

### *Plaintiff Demands Jury Trial with a Visiting Judge, According to Law*

The defendants and the court, in this document and all the others filed by the Plaintiff, and the defendants' Summary Judgment Motion of January 15, 2003 have failed to show that there is not an "Existence of a Genuine Issue of Material Fact" to prevent this case from going to a jury. (Since a jury will see an international corporation in the light and consider the preponderance of the evidence, instead of the cover of darkness afforded to it by the defendants and the court, with all due respect, as they do now.) And as in the beginning, Plaintiff demands a jury trial, in front of a visiting judge, monitored by an outside party.

However, preponderance of the evidence presented by the Plaintiff does show judicial misconduct, conspiracy, serious civil rights violations, up to and including gender discrimination, in the local as well as the Federal Courts; Bad faith, fraud, deception, trickery and treachery, and abusive discharge committed by GMTI, with Gannett included, and by their employees against the Plaintiff Shirley McClure as evidence shows, according to Law. *(Study this document and others for this proof.)*

*Defendants have No Validity – Not According to Law*

As has been shown many times, the defendants' Summary Judgment Motion has no validity by the rule of law, principles of law, or preponderance of evidence, and therefore should be dismissed in the interest of Justice!

FOR GOOD CAUSE SHOWN IN THIS DOCUMENT AND ALL DOCUMENTS FILED IN BEHALF OF THE PLAINTIFF SHOWN AS BEING TRUE (NO PROOF TO THE CONTRARY HAS BEEN SHOWN), THE COURT SHOULD DENY IN FULL OR SHOW CAUSE WHY THE SUMMARY JUDGEMENT MOTION OF DEFENDANT SHOULD BE GRANTED, IN LIGHT OF THE PREPONDERENCE OF EVIDENCE SHOWN BY THE PLAINTIFF AGAINST THIS FAIRYTALE DEFENSE. AND DUE TO THE EXSTENSIVE AMOUNT OF EVIDENCE SHOWN, ACCORDING TO LAW, OF THE SUFFERING OF THE PLAINTIFF, FULL JUDGEMENT OF $168,000,000 ($168 MILLION, *ONE BILLION RECOMMENDED, PUNITIVE)* $300,000 COMPENSATORY (REVISED FROM $250,000 - OR *AS MAY BE REVISED IF NEW FACTS APPEAR)* AGAINST THE DEFENDANTS, INCLUDING ALL EXPENSES INCURRED DURING AND FOR LITIGATION AS THE ORIGINAL COMPLAINT STATES. ALL DOCUMENTS FILED IN THIS CASE ARE TRUE TO THE BEST OF MY KNOWLEDGE AND AS THE PREPONDERENCE OF EVIDENCE PRESENTED IN THEM SHOWS, ACCORDING TO LAW.

Respectfully Submitted,

*Shirley McClure*

Shirley McClure, Plaintiff
1290 Villa Parke
Amelia, OH 45102

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this motion is being sent to the attorney representing the Defendants.

*Shirley McClure*

Shirley McClure, Plaintiff

14