IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| SHIRLEY McCLURE, | ) : | CASE NO. C-1-01-751 |
| Plaintiff, | ) : | Judge Beckwith<br>Magistrate Judge Hogan |
| v. | ) : | |
| GANNETT MEDIA TECHNOLOGIES, INTERNATIONAL, INC., et. al., | ) : ) | DEFENDANTS' MEMORANDUM OPPOSING PLAINTIFF'S MOTION TO REVIEW REPORT AND |
| Defendants. | : | RECOMMENDATION |

This Court should accept the Report and Recommendation of Magistrate Judge Hogan (*Doc.* 74) sustaining in full defendants' Motion For Summary Judgment (*Docs. 51 and 63*).

I.   *Merits Of Summary Judgment*.

In response to defendants' Motion For Summary Judgment, the plaintiff filed a 73 page memorandum (the "Opposing Memorandum" – Doc. 61). Plaintiff, however, failed to raise any *genuine* issue of *material* fact relating to her two remaining claims: (i) promissory estoppel; and (ii) defamation. Accordingly, summary judgment is appropriate.

A.   Prefatory Comments Concerning Discovery.

At plaintiff's request the Court extended the discovery cutoff to March 14, 2003. (*Doc. 60*). Notwithstanding the extension, the plaintiff did not request any depositions or request the opportunity to review any documents prior to March 14. (*See*, Doc. 63, Exhibit A). The plaintiff even ignored defendants' two invitations to take depositions and review documents. *Id.* In spite of defendants' invitations and reminders of the approaching discovery deadline, the plaintiff argued in her Opposing Memorandum that the defendants have refused to provide her

with discovery or depositions. This is obviously not the case. The plaintiff simply neglected to take advantage of the opportunity to perform discovery.

B.    **The Promissory Estoppel Claim.**

As this Court has already found, plaintiff was an at will employee whom defendants could fire for any reason or no reason at all. (*See*, *Doc. 19, p. 10 and Doc. 28, p. 11-12*). Plaintiff has raised no *genuine* issue to create an at-will employment exception based on promissory estoppel.

Importantly, plaintiff was not fired initially. Rather, plaintiff was simply asked to modify her workday by 30 minutes. Had she agreed to this request she might still have her receptionist job. Her unreasonable refusal to do as her at-will employer asked, cost plaintiff her job.

Fundamentally, plaintiff's promissory estoppel claim fails because defendants never promised that plaintiff would have a job, or unaltered hours of work, for any specific period of time. And plaintiff offers no evidence to dispute this fact. For a representation to support a promissory-estoppel exception to the employment at will doctrine, the statement must be a "specific promise of continued employment." ***Wing v. Anchor Media, Ltd. of Texas*** (1991), 59 Ohio St. 3d 108, 570 N.E. 2d 1095.

Moreover, plaintiff cannot establish any "detriment" resulting from her purported reliance on any alleged verbal promises. Plaintiff again concedes in her Opposing Memorandum that she had no alternative employment opportunities between the time she began work for the defendants as a temporary employee in the fall of 1998 and the time she was

2

terminated from her job as a receptionist on November 1, 1999. Accordingly, there was no "harm" to plaintiff which resulted from her alleged reliance on defendants' alleged promise.

Summary judgment is appropriate on the promissory estoppel claim.

C.   **The Defamation Claim.**

The only issue raised by plaintiff in her Opposing Memorandum, which is not fully addressed in defendants' earlier motion and memorandum, is plaintiff's allegation that the defendants defamed her in defendants' alleged communications with the Ohio Bureau of Unemployment Compensation (the "Bureau"). Specifically, the Bureau advised plaintiff that it had denied her unemployment petition because, in the Bureau's judgment, defendants fired plaintiff for insubordination. Plaintiff speculates that this word, "insubordination," must have been communicated to the Bureau by defendants.

Although there is no Fed. R. Civ. P. Rule 56 evidence to support plaintiff's suspicion, any communication defendants may have had with the Bureau is privileged and cannot, as a matter of law, be the subject of a defamation action. (*See*, *e.g.*, *Gray v. Allison Division, General Motors Corp.*, 52 Ohio App. 2d 348, 370 N.E. 2d 747 (1977)).

Defendants were required by statute to supply the Bureau with information concerning plaintiff's discharge. (*See*, O.R.C. § 4141.20). That information is not open to the public nor available to any judicial proceeding by virtue of *O.R.C. § 4141.21*, which was enacted to promote the purpose of the Bureau and to elicit truthful statements from employers and employees. Thus, an absolute privilege exists which precludes recovery for defamation unless a plaintiff shows proof that the defendant went beyond the scope of the request.

3

As detailed in the Motion and earlier memorandum, plaintiff's defamation claim also fails because: (i) the statement is an opinion; and (ii) if not an expression of opinion, it was a true statement.

## Conclusion

Since there is no *genuine* issue as to any *material* fact on plaintiff's two remaining claims, the defendants are entitled to summary judgment and the Magistrate Judge's Report and Recommendation should be affirmed.

Respectfully submitted,

OF COUNSEL                                             _____
                                                       Michael A. Roberts (0047129)
GRAYDON, HEAD & RITCHEY LLP                            GRAYDON, HEAD & RITCHEY LLP
1900 Fifth Third Center                                1900 Fifth Third Center
511 Walnut Street                                      511 Walnut Street
Cincinnati, Ohio 45202                                 Cincinnati, Ohio 45202
(513) 621-6464                                         (513) 629-2799
                                                       (513) 651-3836 fax
                                                       email:mroberts@graydon.com
                                                       *Attorneys For Defendants*

## CERTIFICATE OF SERVICE

The foregoing was delivered, via regular U. S. Mail, postage prepaid, to Shirley A. McClure, 1290 Villa Parke, Amelia, Ohio 45102, this 9th day of October, 2003.

_____