No. 04-3924

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

SHIRLEY A. MCCLURE,

    Plaintiff-Appellant,

v.

GANNETT MEDIA TECHNOLOGIES
INTERNATIONAL; GANNETT COMPANY
INCORPORATED,

    Defendants-Appellees.

ORDER

FILED
JUL 2 7 2005
LEONARD GREEN, Clerk

Before: DAUGHTREY and COOK, Circuit Judges; HOOD, Chief District Judge.*

    Shirley A. McClure, an Ohio citizen, appeals pro se the summary judgment for defendants in a diversity state tort action she filed. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).

    McClure filed a complaint against her former employer and its parent corporation asserting claims arising out of the termination of her employment. According to the complaint, McClure was first employed by defendants through a temporary agency in October 1998. In January 1999, she accepted an offer of direct employment with the express understanding that she would not work the office's regular hours of 8:30 to 5:30, but would work from 8:00 to 5:00. In November of that year, her new supervisor informed McClure that she could no longer work the altered schedule, but would

---

*The Honorable Joseph M. Hood, Chief United States District Judge for the Eastern District of Kentucky, sitting by designation.

have to work the regular office hours. McClure refused, and her employment was terminated. Her subsequent application for unemployment compensation was denied because defendants reported that she had been fired for insubordination.

Defendants moved to dismiss the complaint for failure to state a claim. A magistrate judge recommended that the motion be granted. However, the district court rejected this recommendation in part, concluding that McClure stated claims of promissory estoppel and defamation. The case proceeded on these claims. Discovery issues arose when defendants objected to the presence of McClure's husband at depositions, and McClure objected to the presence of her former supervisor at depositions. Eventually, the district court overruled both objections, allowing the attendance of McClure's husband and her former supervisor. The discovery period was extended, but McClure did not reschedule the depositions. McClure moved for recusal of both the magistrate judge and the district court judge, claiming bias, but her motions were denied. Defendants' motion for summary judgment on the remaining claims and McClure's response were then submitted to the magistrate judge, who recommended that defendants' motion be granted. The district court adopted this recommendation over McClure's objections, and granted summary judgment to defendants. McClure reasserts her claims on appeal.

Upon consideration, we conclude that the summary judgment for defendants must be affirmed. De novo review of the record reveals that there is no genuine issue of material fact, and defendants were entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

Defendants were entitled to judgment as a matter of law on McClure's claim of promissory estoppel, because the law in Ohio states that a promise of future benefits without a specific promise of continued employment does not support a promissory estoppel exception to the employment-at-will doctrine. *Shaw v. J. Pollock & Co.*, 612 N.E.2d 1295, 1298 (Ohio Ct. App. 1992). In this case, McClure's allegation that she was promised work hours of 8:00 to 5:00 did not change her status as an employee-at-will, because no promise of continued employment was involved. McClure's

No. 04-3924
- 3 -

reliance on case law from other states in her brief does not create an issue of material fact to defeat defendants' summary judgment motion.

There was also no genuine issue of material fact to present to a jury on McClure's claim of defamation. She alleged that defendants defamed her by informing the Ohio Bureau of Employment Services that she had been discharged for insubordination. However, communications made during an unemployment proceeding are subject to absolute privilege under Ohio law. *Barilla v. Patella*, 760 N.E.2d 898, 906 (Ohio Ct. App. 2001).

The other arguments McClure reasserts in her brief on appeal are without merit. She continues to complain about the disputes that arose during the discovery phase of the case, yet she did not take advantage of the district court's extension of the discovery period to reschedule depositions or otherwise pursue discovery. She also reasserts her claims that the magistrate judge and district court judge were biased against her. However, she points only to the district court's rulings in the case in support of her claim. Bias must be shown to arise from an extra-judicial source other than what the judge has learned from participating in the case. *Youn v. Track, Inc.*, 324 F.3d 409, 423 (6th Cir. 2003).

Because the record clearly shows that defendants were entitled to judgment as a matter of law on McClure's claims, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.

ENTERED BY ORDER OF THE COURT

_/s/ Leonard Green_
Clerk